UNITED STATES of America,
Appellant,

v.

$29,000—U.S. CURRENCY, Appellee.

In re 29,000.00 U.S. CURRENCY.

No. 84–1166.

United States Court of Appeals,
Fourth Circuit.

Argued June 5, 1984.

Decided Oct. 1, 1984.

Richard S. Poe, Asst. U.S. Atty., Charlotte, N.C. (Charles R. Brewer, U.S. Atty., Asheville, N.C., on brief), for appellant.

Lyle J. Yurko, Charlotte, N.C. (Charles B. Merryman, Haywood, Carson & Merryman, Charlotte, N.C., on brief), for appellee.

Before PHILLIPS and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.

BUTZNER, Senior Circuit Judge:

The United States appeals from a summary judgment that denied forfeiture of $29,000 on the ground that the search of an automobile's trunk where the money was found violated the fourth amendment. We reverse and remand for further proceedings.

## I

Agent Anthony Cummings of the North Carolina State Bureau of Investigation went to J.W. Lindsay's residence to purchase 300 pounds of marijuana. Fifteen local, state, and federal officers accompanied Cummings and took up surveillance positions around Lindsay's house. Cummings and Lindsay negotiated the sale. After viewing Cummings's money, Lindsay made a telephone call, saying: "Bring it on Bruce. They've got the money."

Lindsay told Cummings that the car with the marijuana would arrive at the house in approximately three minutes and back up the driveway to the porch where the marijuana would be unloaded. Five minutes later a car backed up to the porch of Lindsay's house, and Bruce Alan Schneider got out. Cummings notified the other agents, and Schneider and Lindsay were arrested.

Schneider and Lindsay were handcuffed and placed several yards from the car. Cummings took the keys from the ignition, opened the trunk, and saw several bales of marijuana. He then closed the trunk. The other law enforcement officers remained to guard the car while Cummings went to a magistrate's office to get a search warrant. Upon returning with the warrant, he found and seized from the trunk 187 pounds of marijuana and $29,000 lying underneath the marijuana.[1]

The United States brought this action for the forfeiture of the $29,000 pursuant to 21 U.S.C. § 881(a)(6), which provides that "all moneys ... furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this subchapter ... and all moneys ... used or intended to be used to facilitate any violation of this subchapter" shall be subject to forfeiture to the United States.

Schneider, the owner of the car and claimant of the money, moved for summary judgment on the ground that the initial search of the trunk without a warrant was invalid because no exigent circumstances rendered securing a warrant impracticable. The initial search, Schneider argues, tainted the second search conducted pursuant to a warrant, which revealed the $29,000. The government asserts that the searches and seizure are valid because the police had probable cause to believe that Schneider's car contained contraband and that the money was subject to forfeiture.

The district court held that before the initial search the police had probable cause to believe that Schneider's car contained contraband. The court, however, premised its decision on a statement in *United States v. Ross*, 456 U.S. 798, 807, 102 S.Ct. 2157, 2163, 72 L.Ed.2d 572 (1982): " '[I]n cases where the securing of a warrant is reasonably practicable, it must be used.' "[2] Finding that it was reasonably practicable to obtain a search warrant, the court granted Schneider's motion for summary judgment and ordered the government to return the money.

## II

In *United States v. Ross*, 456 U.S. 798, 809, 102 S.Ct. 2157, 2164, 72 L.Ed.2d 572 (1983), the Supreme Court reiterated that the search of a vehicle believed to be

---

1. Schneider was tried in state court for possession of marijuana with intent to sell and deliver. The Superior Court suppressed the evidence found in Schneider's trunk; the North Carolina Court of Appeals reversed, holding that since the agent had probable cause to believe the trunk of the defendant's vehicle contained marijuana, he had a right to search it under *United States v. Ross*, 456 U.S. 798, 102 S.Ct. 2157, 72

L.Ed.2d 572 (1982), and *Michigan v. Thomas*, 458 U.S. 259, 102 S.Ct. 3079, 73 L.Ed.2d 750 (1982). The North Carolina Supreme Court denied certiorari.

2. *Ross* quoted *Carroll v. United States*, 267 U.S. 132, 156, 45 S.Ct. 280, 286, 69 L.Ed. 543 (1924).

involved in the transportation of contraband "is not unreasonable if based on facts that would justify the issuance of a warrant, even though a warrant has not actually been obtained."[3] The Court pointed out that "an individual's expectation of privacy in a vehicle and its contents may not survive if probable cause is given to believe that the vehicle is transporting contraband." Consequently, the scope of a warrantless search of an automobile is "no narrower—and no broader—than the scope of a search authorized by a warrant supported by probable cause." 456 U.S. at 823, 102 S.Ct. at 2172.

*Ross* explains that although generally "in cases where the securing of a warrant is reasonably practicable, it must be used," *Carroll v. United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), created an exception to that rule when police have probable cause to believe the automobile contains contraband. 456 U.S. at 807–08, 102 S.Ct. at 2163–64. The Court cautioned that the determination of probable cause by the police "must be based on objective facts that could justify the issuance of a warrant by a magistrate ...." 456 U.S. at 808, 102 S.Ct. at 2164.

The search of Schneider's car without a warrant conformed to the principles stated in *Ross*. The district court's finding that the police had probable cause to believe that it contained contraband was solidly based on objective facts that would support a magistrate's issuance of a warrant. It is the fact that the police had probable cause to believe that Schneider's car was being used to transport contraband that distinguishes this case from *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), on which Schneider relies. The car in *Coolidge*, as the Court points out, was not being used for an illegal purpose when the police seized and searched it, 403 U.S. at 460, 91 S.Ct. at 2034, nor did it contain contraband, 403

U.S. at 462, 91 S.Ct. at 2035. Indeed, the Court emphasized: "[T]his is not a case involving contraband ...." 403 U.S. at 472, 91 S.Ct. at 2041.

The Court has held that once the police have reason to make a warrantless search, the justification "does not vanish once the car has been immobilized," and the police may search the car even after it has been impounded. The validity of a search does not depend on a court's assessment of the possibility that the car or its contents would have been moved while the police sought a warrant. *Michigan v. Thomas*, 458 U.S. 259, 102 S.Ct. 3079, 73 L.Ed.2d 750 (1982); *accord Florida v. Meyers*, —— U.S. ——, 104 S.Ct. 1852, 80 L.Ed.2d 381 (1984).

On the basis of the principles explained in *Ross, Thomas*, and *Myers*, we hold that the initial search of Schneider's car did not violate the fourth amendment. Consequently, it did not taint the second search, which uncovered the $29,000.

### III

We next address a closely related, but independent, ground for upholding the search for the $29,000.

Section 881(a) of Title 21 U.S.C. provides:

The following shall be subject to forfeiture to the United States and no property right shall exist in them:

   *     *     *     *     *     *

(4) All ... vehicles, ... which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of [a controlled substance].[4]

Seizure of a car subject to forfeiture may be made without process when the seizure is incident to an arrest, 21 U.S.C. § 881(b)(1), or when the Attorney General has probable cause to believe that it has

---

**3.** Principles governing a warrantless search of a vehicle reasonably believed to contain contraband are different from those pertaining to warrantless searches of vehicles in different factual contexts. *See Ross*, 456 U.S. at 809 n. 11, 102 S.Ct. at 2164 n. 11.

**4.** Marijuana is a controlled substance. 21 U.S.C. § 812(c)(c)(10).

been used in violation of the laws pertaining to controlled substances. § 881(b)(4).

■ The police inadvertently discovered Schneider's car in plain view when they were lawfully on the premises to make an arrest. They had probable cause to believe that the car was being used to transport marijuana. Consequently, they were authorized by 21 U.S.C. § 881 to seize the car without process. *See United States v. Kemp*, 690 F.2d 397, 400–02 (4th Cir.1982). Because the conduct of the police satisfied all elements of the plain view doctrine, there was no violation of the fourth amendment. *Texas v. Brown*, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983).

■ In *Cooper v. California*, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967), despite the absence of a warrant, the Court upheld the search of a car seized under the California narcotic forfeiture statute. The search was lawful because it was "closely related to the reason petitioner was arrested, the reason his car had been impounded, and the reason it was being retained." 386 U.S. at 61, 87 S.Ct. at 791. Similarly, several courts of appeal have held that a search without a warrant of an automobile following its valid seizure is reasonable.[5] The right to search a car subject to forfeiture exists even though police do not actually seize it. *See United States v. Modica*, 663 F.2d 1173, 1176–77 (2d Cir.1981).

The searches of Schneider's car leading to the discovery of the $29,000 were valid because the car was subject to forfeiture and could be seized without process. 21 U.S.C. §§ 881(a)(4), (b)(1) and (4).

### IV

Having determined that the searches which led to the discovery of the $29,000 were valid, we conclude that the officers had authority to seize the money without process pursuant to 21 U.S.C. §§ 881(a)(6)

and (b)(4). The money was found with a large amount of marijuana in a car that was being used in a drug transaction. The officers, therefore, had probable cause to believe that it was subject to forfeiture and to seize it. *United States v. Kemp*, 690 F.2d 397 (4th Cir.1982); *United States v. One 1977 Lincoln*, 643 F.2d 154 (3d Cir. 1981).

The judgment of the district court is reversed, and the case is remanded for consideration of the other issues raised in the forfeiture proceeding.

---

5. *See United States v. Pappas*, 613 F.2d 324, 331 (1st Cir.1979); *United States v. Capra*, 501 F.2d 267, 280 (2d Cir.1974); *United States v. Bush*, 647 F.2d 357, 370 (3d Cir.1981); *United States v. McKinnon*, 426 F.2d 845, 849–50 (5th Cir.1970); *United States v. Shye*, 473 F.2d 1061, 1065–66 (6th Cir.1973); *United States v. Edge*, 444 F.2d 1372, 1375 (7th Cir.1971); *O'Reilly v. United States*, 486 F.2d 208, 210–11 (8th Cir.1973); *United States v. Kimak*, 624 F.2d 903, 905–06 (9th Cir.1980); *United States v. Stout*, 434 F.2d 1264, 1267 (10th Cir.1970).