28 F.3d 1212
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Augustine PEREZ, Claimant-Appellant,
and
$15,716.00 in U.S. CURRENCY, Defendant.
 No. 92-2152.
 United States Court of Appeals, Fourth Circuit.
 Argued April 14, 1994
Decided July 1, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Lynchburg. James C. Turk, District Judge. (CA-90-4-L)
 Romas Rozas, Student Counsel, Community Legal Clinic, The George Washington University, Washington, D.C., for Appellant.
 Ray Burton Fitzgerald, Jr., Assistant United States Attorney, Roanoke, Virginia, for Appellee.
 Jennifer P. Lyman, Assigned Public Defender, Community Legal Clinic, The George Washington University, Washington, D.C., for Appellant.
 Robert P. Crouch, Jr., United States Attorney, Roanoke, Virginia, for Appellee.
 W.D.Va.
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 Before MURNAGHAN and NIEMEYER, Circuit Judges, and RESTANI, Judge, United States Court of International Trade, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 The questions presented in this case are whether the government had probable cause for proceeding with the forfeiture action against $15,716 seized from Augustine Perez and whether the fact that the forfeiture action was filed fourteen months after the government's seizure violated Perez's due process rights. Perez also challenges the court's disposition of the case by the summary judgment mechanism, contending that issues of material fact existed. For the reasons that follow, we affirm in part, reverse in part, and remand for further proceedings.
 
 
 2
 Perez was arrested in Virginia by state officials in September 1988 for driving under the influence. At the time of his arrest, a small amount of cocaine and marijuana were found on his person and he was charged with both drug possession offenses and a driving offense. At the time, the Commonwealth of Virginia also seized $15,716 in United States currency contained in a briefcase located in Perez's car. The Commonwealth of Virginia tested the cash for drug residue and found none. Perez pled guilty to all charges and was sentenced to five years imprisonment.
 
 
 3
 At an October 1988 state court hearing relating to the seizure of the $15,716, Perez testified that the money was to be used to purchase wholesale clothing merchandise in New York for the grand opening of his new Lynchburg clothing business, AJ's Clothing Store, which he had set up with two partners. Each partner had contributed $5,000. Following the hearing, the state court ordered the money returned to Perez, concluding that the grounds for its seizure were insufficient. When, however, Perez went to retrieve the money from the sheriff's department in November 1988, he was informed it had been seized by the FBI.
 
 
 4
 Four months later, the FBI printed notice of the seizure in a Lynchburg newspaper, and Perez promptly filed a claim of ownership with the Justice Department and posted a bond of $1,571, asserting in a sworn affidavit that the money had not been involved in violations of the law.
 
 
 5
 Fourteen months after the FBI's initial seizure, in January 1990, the government filed an in rem complaint in the district court for forfeiture of the $15,716 pursuant to 21 U.S.C. Sec. 881(a)(6), supported by the affidavit of FBI Special Agent John Terry, describing his investigation into the source or intended use of the $15,716. He acknowledged that Perez had claimed that the money was to be used for his newly opened AJ's Clothing Store and that his investigation confirmed some of the circumstances. He learned from the Virginia Department of Taxation that a corporation had been formed and that it had opened a retail sales account on October 1, 1988, and an employee withholding tax account on September 1, 1988. Agent Terry obtained confirmation from Perez's partners that, while each had loaned $5,000 to the enterprise, they were not personally involved in running the business. He learned that the business had rented a store, effective October 1, 1988, but that the location was vacated six months later. In his affidavit Agent Terry also cited unspecified Virginia State police reports which asserted that the clothing business was "just a front for Perez's drug sales." The affidavit concluded with Agent Terry's opinion that the $15,716 had been intended for use in facilitating violations of 21 U.S.C. Sec. 841, et seq.
 
 
 6
 On this affidavit, a warrant for the arrest of the money was issued, as was a notice of forfeiture. Perez was sent a copy of the papers on April 11, 1990, and he filed an appearance to make a claim for the money, incorporating by reference his earlier claim, and he filed a motion to dismiss the action and to quash the warrant.
 
 
 7
 Several months later, in July 1990, the government completed a long-term investigation into Perez's affairs and indicted Perez and several co-conspirators for serious drug trafficking offenses, Perez being indicted as a drug "kingpin." The government then moved to stay the forfeiture action pending the outcome of the criminal trial, and the district court granted the motion. Perez was found guilty of the drug trafficking violations and sentenced in March 1992. The government then moved for summary judgment in the forfeiture action on June 30, 1992. Perez filed a pro se motion for summary judgment and opposed the government's motion, attaching an excerpt from the trial transcript of his testimony that his income was $24,000-$28,000 per year, as an employee of the Virginia Resources Development Corporation.
 
 
 8
 The district court granted the government's summary judgment motion, ruling that Perez had failed to provide sworn affidavits opposing the government's motion. Perez's motion for reconsideration was denied on September 11, 1992, and this appeal followed.
 
 
 9
 Addressing Perez's first contention that the government did not have probable cause to file a forfeiture action and support the warrant, we find the challenge to be without merit. While Perez advanced facts that the money was to be used for a new store known as AJ's Clothing Store and that there was no evidence linking the $15,716 with drug transactions at the time the money was seized, information later received by the FBI from state drug task force members and presented in Agent Terry's affidavit showed that AJ's Clothing Store was "just a front for Perez's drug sales, in that Perez used this business as his headquarters for his cocaine distribution network." The affidavit of Agent Terry, relying on information from state officials, is adequate to establish probable cause to believe that the currency would have been used or was intended to be used to facilitate violations of the Federal Controlled Substances Act, 21 U.S.C. Sec. 841 et seq., and the money would therefore be subject to forfeiture. That the affidavit contained hearsay did not, per se, render it defective for establishing probable cause.
 
 
 10
 On the issue of whether Perez's due process rights were violated by the fourteen-month delay in initiating the forfeiture action, we are governed by the holding in United States v. $8,850 in United States Currency, 461 U.S. 555, 564-65 (1983), where the Supreme Court adopted a four-factor test for making the determination. The four factors identified are: (1)the length of the delay; (2)the reason the government assigns to justify the delay; (3)the claimant's assertion of his rights to a judicial hearing; and (4)the extent to which the claimant has been prejudiced by the delay. Id. at 565-69; see also United States v. Turner, 933 F.2d 240, 245-46 (4th Cir.1991) (applying the test). The length of the delay and the reasons given for it by the government are the most important factors.
 
 
 11
 In this case those two factors were intertwined. Shortly after his arrest, an investigation was begun into Perez's activities, particularly in connection with possible drug distribution, and it culminated in his indictment and arrest as a drug kingpin in July 1990. That effort involved the coordination of local, state, and federal law enforcement agencies and provides an adequate justification for the delay in proceeding with the forfeiture action. See United States v. $874,938 U.S. Currency, 999 F.2d 1323, 1325 (9th Cir.1993); United States v. United States Currency in the Amount of $228,536, 895 F.2d 908 (2dCir.), cert. denied, 110 S.Ct. 2564 (1990). While Perez has asserted a right to the property and has been delayed access to it over this period, no prejudice has been demonstrated in that regard. In summary, we conclude that Perez has not been denied due process by the delay in this case.
 
 
 12
 Our quarrel with the district court's disposition of this case was in entering summary judgment, finding as a matter of law that the $15,716 in currency was used or intended to be used to facilitate a violation of the drug laws. Perez has presented information in the record which suggests that the money consisted in part of loans from investors in his clothing store business and in part from his own earnings as an employee of the Virginia Resources Development Corporation. Perez also contended that the $15,716 was intended to purchase inventory for the clothing store, explaining that cash was necessary because he had no credit in New York. While Perez's presentation of these matters was accomplished by incorporating excerpts from earlier proceedings and therefore was somewhat disjointed, such transcripts are nevertheless under oath and subject to consideration in deciding whether a case may be disposed of by a summary judgment motion. Moreover, the facts were corroborated to some extent by Agent Terry's own investigation when he learned of the formation of the corporation and the investment in the business by Perez's friends. While Agent Terry has advanced possibly reliable information from state drug task force members that the clothing store was being used as a front for Perez's drug business and while the quality of this evidence established probable cause to justify the issuance of a warrant, it will not support a summary judgment because it was not made "on personal knowledge" and would not be "admissible in evidence" as required by Federal Rule of Civil Procedure 56(e). In the present posture of the case, the record contains conflicting explanations and disputes over the material fact about the intended source or use of the $15,716, precluding summary judgment. Accordingly, we vacate the judgment and remand for further proceedings.
 
 
 13
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED