36 F.3d 1095
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Grady Jacob MITCHELL, Defendant-Appellant.
 No. 93-7004.
 United States Court of Appeals, Fourth Circuit.
 Submitted: June 7, 1994.
Decided: September 26, 1994.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem. Frank W. Bullock, Jr., Chief District Judge. (CR-92-217-WS)
 Grady Jacob Mitchell, Appellant Pro Se.
 Douglas Cannon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before MURNAGHAN, WILLIAMS, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Grady Jacob Mitchell appeals the district court's order denying his motion for return of seized property. Mitchell asserted illegal search and seizure as the basis for his motion. For the reasons stated below, we affirm the district court's order.
 
 
 2
 Mitchell was indicted on fifty-two counts and ultimately pled guilty to ten counts of using a trucking company and its assets as a cover and conduit to, inter alia, facilitate a conspiracy to possess drugs, launder money, and transport stolen vehicles in interstate commerce. Mitchell entered into a guilty plea agreement, in which he agreed to forfeiture of substantial assets. In addition, he agreed to withdraw any claims and answers to civil and criminal forfeiture proceedings which he or the trucking company at issue asserted. This included withdrawal of claims to any interests he or the company may have had in the assets.
 
 
 3
 Both bases asserted in Mitchell's motion for return of property are without merit. First, Mitchell claims that none of the seized property was derived from proceeds of drug sales or from violations of the Uniform Controlled Substance Act. Even if this were true, items used to facilitate unlawful drug activities or money laundering violations are properly subject to forfeiture. United States v. Santoro, 866 F.2d 1538, 1542 (4th Cir.1989). Because the property was used to facilitate Mitchell's crimes, the forfeiture was proper.
 
 
 4
 Second, Mitchell claims that the search warrants specified seizure only of drugs. Mitchell did not attach copies of the warrants to his motion, and it is not clear whether the record contains all of the warrants about which he complains. (At least one relevant warrant in the record does cover more than drugs, but that particular warrant apparently does not cover all of the property seized.) In any event, even if Mitchell's claim about the scope of the warrants is true, it does not entitle him to relief. Mitchell does not allege that his ultimate agreement to the forfeiture was not knowing and voluntary or that there was an insufficient factual basis for the forfeiture. Nor does Mitchell allege any defect in the Fed.R.Crim.P. 11 proceeding* In addition, there was probable cause for the seizure of the property. Therefore, the forfeiture, as agreed to in the plea agreement, was valid. See United States v. Turner, 933 F.2d 240, 244 (4th Cir.1991); United States v. Thomas, 913 F.2d 1111, 1114 (4th Cir.1990).
 
 
 5
 Accordingly, we affirm the district court's order denying Mitchell's motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 A voluntary guilty plea forecloses attack based on antecedent nonjurisdictional errors. Tollett v. Henderson, 411 U.S. 258, 267 (1973); Hall v. McKenzie, 575 F.2d 481, 484 (4th Cir.1978). Consequently, any objection Mitchell had to the search was waived by his voluntary agreement to foreclosure of the assets as evidenced by the plea agreement