**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 96-4923

THOMAS EUGENE HAWKINS,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Henry C. Morgan, Jr., District Judge.
(CR-96-138)

Submitted: November 18, 1997

Decided: January 22, 1998

Before WILKINS and LUTTIG, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michael D. Eberhardt, MICHAEL D. EBERHARDT, P.C., Suffolk,
Virginia, for Appellant. Helen F. Fahey, United States Attorney, Ron-
ald G. Reel, Special Assistant United States Attorney, Norfolk, Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Thomas Eugene Hawkins appeals his convictions for possession of a firearm and possession of ammunition by a convicted felon, 18 U.S.C. § 922(g)(1) (1994). Hawkins contends that the district court erred when it denied his motion to suppress the gun and ammunition which police seized from him. We affirm.

We review for clear error factual determinations made at a suppression hearing. Legal conclusions are reviewed de novo. See United States v. Han, 74 F.3d 537, 540 (4th Cir.), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3807 (U.S. June 3, 1996) (No. 95-8891). Hawkins does not contest the court's factual findings, which are fully supported by the testimony at the suppression hearing.

Testimony revealed that the owner of a store in Chesapeake, Virginia, approached Officer Burnis Sickelton. The store owner was concerned about drug dealing, trespassing, begging, drinking, and other activities that occurred at the store in the evenings.

The officer testified that the store was located in the part of Chesapeake with the highest number of violent crimes, that there were a lot of drug crimes in the area, and that he had previously responded to numerous calls at the store. Officer Sickelton arranged with other officers to go later that evening to investigate the problem. When he and another officer arrived at the scene and began walking toward the store, they observed Hawkins, who was leaning against the store by a phone booth. Sickelton testified that he intended to approach Hawkins and conduct an investigation. However, someone shouted to Hawkins from across the street, "The cops are behind you."

When Hawkins saw the police, he fled. He refused to stop despite officers' instructions to do so. Officers pursued Hawkins, and Officer

2

Sickelton managed to grab him, but Hawkins slipped from Sickelton's grasp, ignoring the officer's demand that he stop. A third officer captured Hawkins and handcuffed him. Because a hostile crowd had gathered, the officers transported him to their cars, which were parked several blocks away in a safer location. As they were transferring Hawkins from one police car to another, a pistol fell from his waistband.

At that point, officers intended to place him under arrest for carrying a concealed weapon. A pat-down of Hawkins yielded several rounds of ammunition as well as some drug paraphernalia, including a strainer, a scale, and some glassine baggies.

Hawkins asserts that the officers' actions violated his Fourth Amendment rights and that the district court therefore should have suppressed the gun and ammunition that the officers seized. If an officer has a reasonable, articulable suspicion that criminal activity may be afoot, he may stop and briefly detain a person for investigative purposes and, if necessary, frisk him for weapons. See Terry v. Ohio, 392 U.S. 1, 30 (1968). To determine whether the officer's suspicion was reasonable, courts apply a totality of the circumstances test. See United States v. Sokolow, 490 U.S. 1, 8 (1989). Among the factors to be considered are the area's propensity toward criminal activity, see United States v. Lender, 985 F.2d 151, 154 (4th Cir. 1993) and any suspicious behavior by the suspect, see United States v. Turner, 933 F.2d 240, 244 (4th Cir. 1991).

The stop in this case was fully justified. Hawkins was observed in a part of the city plagued by violent crime and drug dealing. The store owner had complained about suspicious activities on his premises, and officers had been called to the store on numerous occasions. When Hawkins saw the two officers approaching him, he fled. Hawkins then ignored repeated directions from the officers to stop, escaped from the grasp of Officer Sickelton, and continued to flee. When considered together, these factors would give rise to the reasonable suspicion that criminal activity might be afoot.

In light of Hawkins' attempt to flee, officers had every right to handcuff him once they apprehended him; such action did not convert the stop to an arrest. See United States v. Crittendon, 883 F.2d 326,

3

329 (4th Cir. 1989) ("Brief, even if complete, deprivations of a suspect's liberty do not convert a stop and frisk into an arrest so long as the methods of restraint used are reasonable to the circumstances."). Further, detentions may last as long as reasonably necessary to effect the purposes of the stop. In this case, the officers felt threatened by an angry crowd of about twenty people who had gathered at the scene. They acted appropriately when they moved Hawkins to a more secure area several blocks away. See United States v. Hensley, 469 U.S. 221, 235 (1985) (actions reasonably necessary to protect officers' personal safety do not convert stop to arrest).

As Hawkins was being moved from one patrol car to another, the gun fell from his waistband. Officers at that point had probable cause to arrest him for carrying a concealed weapon. The subsequent pat-down of his person, which yielded the ammunition, was proper as a search incident to a lawful arrest. See Chimel v. California, 395 U.S. 752, 762-63 (1969).

The stop of Hawkins that culminated in his arrest and the seizure of the gun and ammunition did not offend the Fourth Amendment. The district court properly denied Hawkins' motion to suppress these items. We therefore affirm the convictions. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

AFFIRMED

4