UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

GERALD A. HINDS,
        *Defendant-Appellant.*

No. 01-4222

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-00-319)

Submitted: August 28, 2001

Decided: October 3, 2001

Before LUTTIG, MOTZ, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

James F. Sumpter, Richmond, Virginia, for Appellant. Kenneth E. Melson, United States Attorney, Robert E. Trono, Assistant United States Attorney, Christopher R. Difusco, Third-Year Law Student, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Gerald A. Hinds appeals his conviction following a jury trial for two counts of distribution of 50 grams or more of cocaine base and one count of possessing with the intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C.A. §§ 841(a)(1) and 841(b)(1)(A)(iii) (West 1999). We affirm.

Hinds maintains that the district court erred in denying his pretrial motion to suppress 415 grams of cocaine base and 83 grams of cocaine hydrochloride. We review legal conclusions made pursuant to a district court's suppression determination de novo, but review the underlying factual findings for clear error. *United States v. Johnson*, 114 F.3d 435, 439 (4th Cir. 1997). When a suppression motion has been denied, we review the evidence in the light most favorable to the Government. *United States v. Miller*, 925 F.2d 695, 698 (4th Cir. 1991).

While conducting a warrantless search of Hinds' vehicle, agents of the Drug Enforcement Agency (DEA) discovered the drugs in a duffle bag. Hinds first argues that the DEA agents violated the Fourth Amendment because they had no probable cause to search his vehicle. We agree with the district court that probable cause existed to justify the warrantless search of Hinds' vehicle. The uncontroverted facts reveal that DEA agents arranged a meeting between Hinds and a paid informant on the day of Hinds' arrest specifically to carry out a drug transaction. In addition, the DEA agents had set up two similar meetings between Hinds and the informant just a few weeks prior to the incident in question, and on both occasions Hinds sold cocaine to the informant. Furthermore, the DEA's informant identified another individual at the arrest scene as Hinds' partner in his drug sales, and this individual possessed the keys to Hinds' rented car. These facts provided the DEA agents with ample probable cause to search Hinds' vehicle. Because the DEA agents had probable cause to search Hinds' automobile for drugs, they could search any containers located in the car in which drugs could be found. *See California v. Acevedo*, 500 U.S. 565, 580 (1982).

Next, Hinds challenges the removal of his vehicle to a garage where the search took place. He argues that the DEA agents had time to obtain a search warrant because he was in custody and had no access to his car. However, the Supreme Court has repeatedly held that officers may perform a warrantless search even after a vehicle is immobilized and under police custody, if officers have probable cause to believe contraband is inside the vehicle. *See Michigan v. Thomas*, 458 U.S. 259, 261 (1982) (*per curiam*). *See also United States v. Johns*, 469 U.S. 478, 484 (1985) ("There is no requirement that the warrantless search of a vehicle occur contemporaneously with its lawful seizure.").

Moreover, we have observed that the "justification to conduct a warrantless search does not disappear merely because the car has been immobilized and impounded. . . . [T]he fact that impoundment may have made it virtually impossible for anyone to drive the car away or tamper with its contents is irrelevant." *United States v. Gastiaburo*, 16 F.3d 582, 586 (4th Cir. 1994) (internal citations omitted). Hence, the mere fact that the car was impounded and impossible to drive did not require the DEA agents to seek a warrant. The scope of a warrantless search of an automobile based on probable cause is coextensive with a search pursuant to a warrant supported by probable cause. *See United States v. $29,000—U.S. Currency*, 745 F.2d 853, 855 (4th Cir. 1984).

Hinds finally asserts that the discovery of cocaine in his vehicle was the result of an inventory search that the DEA agents improperly administered. While the DEA agents did describe this search as "inventory" in their report (J.A. 36), the search was supported by probable cause. Further, the record is devoid of any indication that the DEA agents improperly conducted a criminal investigation in the guise of an inventory search.

Accordingly, we affirm Hinds' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*