## FLACK et al. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. April 15, 1921.)

No. 5483.

Indians ⚮38(4)—Variance not fatal in prosecution for introducing liquor into Indian country.

In a prosecution for introducing liquor into that part of the state of Oklahoma that was formerly Indian Territory, the particular county into which it was introduced is not an element of the offense, and a variance between allegation and proof in that respect, where it does not affect the jurisdiction or venue, is not fatal, unless it is shown that it was prejudicial to defendant in presenting his defense.

In Error to the District Court of the United States for the Eastern District of Oklahoma; Joseph W. Woodrough, Judge.

Criminal prosecution by the United States against C. W. Flack and Ed Herron. Judgment of conviction, and defendants bring error. Affirmed.

J. C. Denton, of Tulsa, Okl. (Frank Lee, of Muskogee, Okl., on the brief), for plaintiffs in error.

Archibald Bonds, U. S. Atty., of Muskogee, Okl.

Before HOOK and STONE, Circuit Judges, and JOHNSON, District Judge.

HOOK, Circuit Judge. Flack and Herron were convicted of introducing intoxicating liquor from outside of the state of Oklahoma into that part of the state that was formerly Indian Territory (28 Stat. 693). The indictments, one against each of the accused, consolidated for trial, charged that the offenses were committed in Washington county, in the Eastern district of Oklahoma. The bill of exceptions does not contain the evidence, but recites that it "proved conclusively" that the liquors were introduced into Nowata county, instead of Washington county, and that the accused moved for a directed verdict of acquittal on that ground. The motion was denied, and the ruling presents the only question on this writ of error. Other questions are argued, but the bill of exceptions is insufficient to exhibit them.

Washington and Nowata counties adjoin each other, and are in northeastern Oklahoma, next to Kansas. Both are in that part of Oklahoma that was formerly Indian Territory, and are in the Eastern judicial district, where the trial was had. Under the statute the particular county in that part of the state is not an element of the offense defined. The introduction of liquors from outside the state into either county was equally unlawful. The indictments would have been good against general demurrer had the name of the county been omitted. The variance that occurred did not affect the jurisdiction of the court; it did not pertain to the venue. It is conceivable that such a variance could have caused surprise at the trial, and could therefore possibly have affected the presentation of the defense, but whether it did or not would depend upon circumstances. The bill of exceptions does not

show how it came about, what was said or done about it while the evidence was being adduced, or what effect or influence, if any, it had on the presentation of the defense. It does not appear that the accused were misled, or that any contention to that effect was made. Prejudice from such a variance does not necessarily arise as an inference of law The accused were not placed in danger of a second prosecution for the same offense. The indictments are not the sole evidence of what was tried—the record can be resorted to, and oral evidence, if necessary.

Variances are not always fatal. To be so they should pertain to the essence of the offense charged, or to the venue of the prosecution. If they do not prejudice, they should be disregarded. R. S. § 1025 (Comp. St. § 1691). Examples of this are common. Ordinarily when the charge is that an offense was committed on a certain day, proof of any prior day within the period of limitation is sufficient. Ledbetter v. United States, 170 U. S. 606, 612, 18 Sup. Ct. 774, 42 L. Ed. 1162. In this case the Supreme Court cites decisions that an indictment charging an offense to have been committed in one town is supported by proof of another town in the same county and within the jurisdiction of the court. In a case of an offense committable only on Sunday, proof that it was committed on a Sunday other than the one alleged may be made. 1 Bishop, Cr. Pro. § 399. A variance between the true name of a person transported in violation of the White Slave Act (Comp. St. §§ 8812–8819) and the name alleged in the indictment is not fatal, where the accused was not misled and the record would protect him from another prosecution. Bennett v. United States, 114 C. C. A. 402, 194 Fed. 630.

The sentences are affirmed.