## JOHNSON v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
April 4, 1929.

No. 8260.

128

John W. Tillman, Fred A. Tillman, Welcome D. Pierson, and T. J. Leahy, all of Pawhuska, Okl., J. H. Maxey, of Tulsa, Okl., C. S. Macdonald, of Pawhuska, Okl., and Charles A. Holden, of Tulsa, Okl., for appellant.

John M. Goldesberry, U. S. Atty., of Tulsa, Okl.

Before KENYON, Circuit Judge, and FARIS and SANBORN, District Judges.

FARIS, District Judge. Appellant by this appeal, seeks to reverse a sentence of imprisonment in the penitentiary and for the payment of certain fines imposed upon him on his conviction (a) for possessing whisky in the Indian country, and (b) for a sale of whisky in violation of the National Prohibition Act.

Objection was made by demurrer, and is here insisted upon, that so much of the indictment as sets forth the place of the offense, to wit, "about ten miles northeast of the City of Pawhuska, Osage County, State of Oklahoma, a more definite description of the exact place where said liquor was so had, kept and possessed being to the grand jurors unknown," is bad, for that it does not sufficiently inform defendant of the charge against him.

Appellant filed an application for a continuance, on the ground of the absence of two certain witnesses. The trial was set, and had for some time been set, for May 9, 1928. On May 8, 1928, about noon, a subpœna was sued out by appellant for the two witnesses in question and the marshal was advised that they resided, or could be found at a place called Shidler, some 25 miles from the place of trial. Efforts were at once made by a deputy marshal and a deputy sheriff to find these witnesses at the place of their alleged residence, and at another town in the vicinity. But they could not be found, nor could any one be found, after much inquiry, who knew them or had ever heard of them. The motion for a continuance was overruled and defendant is here inter alia, still complaining of the fact.

After the jury retired to deliberate upon their verdict, and after they had for some time considered the case, they came in and through their foreman asked to be further instructed on the point whether they could consider circumstantial evidence for the purpose of corroboration. The court in a further charge instructed them that they could resort to the circumstances proven in the case for the purpose of corroboration. He also repeated a part of his charge as to the manner

in which they should weigh the testimony of all witnesses, and then finally proceeded to sum up the salient facts in evidence on both sides. This he had not done in any manner or degree, in the original charge. Taken as a whole, the summary was eminently fair to both appellant and the government. Appellant saved his exception to this charge of the court; because of an alleged erroneous definition of direct evidence, and because of a "reiteration of the credibility of the witnesses" (sic), and because the court *again* reviewed the testimony. In passing, it may be said that the definition of direct evidence was correct, and there had been in the original charge, as said already, not a single mention of the facts in evidence.

After verdict, appellant set up, in a motion for a new trial the alleged newly discovered evidence of one Peter McWhirt and one Ed. Talley. McWhirt had been subpœnaed by the government, but was not called as a witness, though inferentially, he was present in court throughout the trial. Talley, in his affidavit, claims he was present at the time and place when and whereat the alleged sale of whisky was made. McWhirt was so present, as both sides concede. Appellant admits the presence of Baker, the alleged vendee of the liquor, at the time and place of alleged sale, and admits that he accepted money from such vendee for liquor which he agreed to deliver, but, as he says, did not deliver. So, if Talley and McWhirt were present, appellant had known such fact for more than a year before the trial.

Many objections were made on the trial, and some three or four of these are now yet urged, as to alleged errors in the admission of evidence. These have been carefully examined, but they and each of them are wholly trivial, and therefore time and space need not be occupied in either reciting or discussing them.

If the jury believed the evidence, as the result discloses they must have done, there is no doubt of appellant's guilt, and of the correctness upon this question of the verdict. There was but one witness as to the fact of sale, but there was corroboration by the finding on the person of appellant after his arrest of marked money said to have been used in the purchase. Appellant, as the situation compelled him to do, admitted taking the money from Baker the alleged vendee, but, as hinted already, sought to explain his possession of the money by the statement, that he accepted the money for whisky he agreed to obtain from others, and which, when so obtained, was to be delivered to Bak-

er. There was some corroboration also arising from the proof of physical facts. But, since there is no serious attack now made on the sufficiency of the evidence we need not belabor the point.

We are of the opinion that the indictment was sufficient. Swafford v. United States (C. C. A.) 25 F.(2d) 581; Myers v. United States (C. C. A.) 15 F.(2d) 977; Flack v. United States (C. C. A.) 272 F. 680.

■■ Appellant's application for a continuance, failed to disclose any diligence in suing out the subpœna for these absent witnesses, and the uncontradicted, oral evidence discloses that there had been no sufficient diligence. Moreover, there is not in the application for a continuance any showing of any fact to indicate that at any future day which might have been set for the trial of the case the presence of these witnesses would be or could be procured. An application for a continuance rests in the discretion of the court, and such discretion will not be interfered with except in case of an abuse thereof. Isaacs v. United States, 159 U. S. 487, 16 S. Ct. 51, 40 L. Ed. 229. When the applicant for a continuance is lacking in proper diligence as here, and when he is unable, as here, even to hold out a promise to the court that he will or can have the absent witnesses present at the next setting to testify, or that he can or will procure their depositions upon the next setting, there is not present any abuse or discretion in overruling the application. 9 Cyc. 204, and cases cited.

■ In the charge to the jury, upon their return into court for further instructions, as to the matter of corroboration by circumstances, the court covered matters not necessary in order to answer the question asked. He defined direct evidence as being "such testimony as a witness relates from the witness stand in which he testifies he saw certain transactions take place." Appellant contends that the above definition is erroneous. It is not erroneous; it is correct as far as it goes; and, in fact, it may be said to be wholly correct, so far as concerns the facts in evidence in the instant case. That is, it was correct concretely; it was incorrect abstractly, because it was too narrow. Concrete correctness was all that appellant could demand. This he got; more would probably have confused the jury, without enlightening them.

■ Appellant cannot complain that the court summed up the evidence pro and con, and stated the respective charges and defense of the parties. He did this with commendable fairness. If he had so summed up in the original charge and then, without any

request from the jury warranting another summary, had yet proceeded to deliver such, the question would be more serious. But, when the jury came back, for the very first time he mentioned the evidence in the case. So, in effect, the situation baldly is, whether he had the right to sum up at all. This question, in the light of hundreds of decisions so affirming, needs no answer.

■■ That a new trial should ordinarily be granted because of newly discovered evidence is elementary. But here again are required preliminary showings of diligence and other vital elements. There must ordinarily be present and concur five verities, to wit: (a) The evidence must be in fact, newly discovered, i. e., discovered since the trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on, must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal. 12 Cyc. 734, and cases cited.

Passing other points required to be present, and conceding, arguendo, their presence among the requisite verities, two requisites were obviously lacking: First, the evidence was not newly discovered; and, second, the motion for a new trial does not disclose proper diligence. The first point alone, upon the facts in this case, is destructive of appellant's right to a new trial on the ground of newly discovered evidence. As forecast already, both witnesses named in the motion say they were present at the residence of appellant, at the time of the alleged sale of the liquor. Appellant admits McWhirt was present. If Talley also was there, appellant knew of the fact of his presence more than a year before the trial. So, the evidence was not newly discovered; the motion for a new trial on account of alleged newly discovered evidence was obviously insufficient, and the trial court did not err in denying it.

■■ There is, however, an inadvertent error arising upon the record, but nowhere urged, that we think should be noticed and corrected. Appellant was convicted for an illegal sale of intoxicating liquor, contrary to the provisions of the National Prohibition Act as charged in count 2 of the indictment. The judgment of the court on count 2 reads thus:

"Ordered and adjudged, that the defendant, Charley Johnson, for the crime by him committed as charged in the second count of the indictment, be imprisoned in the federal penitentiary at Leavenworth, Kansas, and be confined for the term of Six (6) months, said sentence of confinement to run concurrent with the sentence of confinement in count No. 1, and that he pay a fine unto the United States in the sum of Two Hundred Fifty ($250.00) Dollars, and in default thereof, further stand committed until said fine is paid or until released by due process of law."

The court below had no power to both imprison and fine appellant for a first offense sale under the provisions of the National Prohibition Act. Power existed to impose either a maximum sentence of imprisonment in jail for six months, or a maximum fine of $1,000, but not both. Section 46, tit. 27, U. S. C. (27 USCA § 46); De Gregorio v. United States (C. C. A.) 7 F.(2d) 295; Reynolds v. United States (C. C. A.) 280 F. 1. Since, however, the sentence of imprisonment for six months on the second count ran concurrently with the sentence for two years in the penitentiary, imposed as punishment on the first count, we need not consider error or provide relief as to the matter of imprisonment. Appellant is not harmed thereby and may not complain. But the fine of $250 imposed on the second count, is by that amount excessive. Authority exists to eliminate such excess by a modification of the sentence in this court, Goode v. United States, 12 F.(2d) 742; Salazar v. United States (C. C. A.) 236 F. 541, which accordingly we order. As modified, since no error meet for reversal has been found, we affirm the case.

Modified and affirmed.