Robert L. **CONRAD** et al., Plaintiffs, Appellees,

v.

**GRAF BROS., INC.,** et al., Defendants, Appellants.

No. 7223.

United States Court of Appeals First Circuit.

June 20, 1969.

---

**8.** Plaintiff submitted statistics which indicate that UPI has less than 50% of the national wire service market.

Thomas B. Arnold, Boston, Mass., with whom Andrew B. Goodspeed, J. Paul Paksarian and Epstein, Salloway & Kaplan, Boston, Mass., were on brief, for appellants.

James W. Kirk, Boston, Mass., with whom Monto Rosenthal, Boston, Mass., was on brief, for appellees.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

McENTEE, Circuit Judge.

This is an automobile accident case which resulted in sizable jury verdicts for two of the four plaintiffs. The principal question raised by defendants' appeal is whether the trial court abused its discretion in refusing to grant a new trial on the issue of damages.

About 6:30 a.m. on October 18, 1963, plaintiffs Robert Conrad, a boatswain's mate in the Navy, and his wife Elizabeth were driving from Peabody, Massachusetts, toward Boston. Conrad was at the wheel and his wife was beside him in the right front seat. They had just driven through the Saugus traffic rotary and were heading south on Route C-1 when they saw the plaintiff Bonnette, a sailor, standing on the right hand curb about fifty feet south of the rotary hitch-hiking. Conrad brought the car to the curb about fifteen or twenty feet past Bonnette. Mrs. Conrad

opened her door and pulled the seat forward so that he could get into the back seat. During this interval a truck owned by the defendant Domingos, came up behind the Conrad car and stopped. Just as Bonnette was getting into the car a tractor-trailer, owned by the defendant Graf Brothers, slammed into the Domingos truck pushing it into the rear of the Conrad car. The force of the impact propelled the Conrad car forward a distance of some seventy-five feet.

After a seven day trial the jury returned verdicts for all of the plaintiffs. The principal verdicts were in the amounts of $68,600 for Elizabeth Conrad and $38,500 for Bonnette.[1] In their original motion for new trial the defendants did not challenge the award to Bonnette. Several weeks later, however, they attempted to amend their motion to include the counts relating to him. This belated attempt was properly denied by the district court as untimely. Fed.R. Civ.P. 59(b). Consequently we shall confine our discussion of this aspect of the case to the verdict in favor of Elizabeth Conrad.

Following the accident Mrs. Conrad was taken to the Saugus Hospital and then to the Chelsea Naval Hospital, from which she was released the same day. On two subsequent occasions she was hospitalized at the Josiah B. Thomas Hospital in Peabody, Massachusetts, for treatment of the injuries sustained in the accident. Following her first stay there she noticed a lump on her neck which was later diagnosed as cancerous. This growth which was not caused by the accident was removed by surgery at the Chelsea Naval Hospital in May 1965. Thereafter the Conrads moved to Norfolk, Virginia where Mrs. Conrad underwent numerous cobalt treatments at the Portsmouth Naval Hospital in Portsmouth, Virginia.

On April 29, 1966, some two years prior to trial, the defendants filed a motion for production of documents under F.R.Civ.P. 34. Among the records requested was the "Entire record of Portsmouth Naval Hospital * * * with reference to plaintiff, Elizabeth Conrad." On August 15, 1966, the court ordered production of these records. About a year later the defendants moved for the production, inter alia, of any and all such records of the Portsmouth Naval Hospital with reference to Elizabeth Conrad subsequent to August 6, 1965, which motion was granted on September 11, 1967. Defendants allege that plaintiffs at trial, which was held on April 16–25, 1968, did not produce full and complete copies of the Portsmouth Hospital records as ordered and that plaintiffs' counsel misrepresented his efforts to obtain them. Also, that over protest the district court required the defendants to proceed with trial without the complete Portsmouth Hospital records. Specifically, defendants claim that these missing records, which were not produced until about a month after the trial had concluded, indicated that although Mrs. Conrad had complained at various times about a variety of ailments, never during the course of her treatment at the Portsmouth Hospital did she ever complain or give a history of the injuries allegedly received in the accident which she stated at trial were still bothering her;[2] furthermore, that according to these records the examinations made at the hospital revealed no evidence of the disabilities which Mrs. Conrad claimed still continued up to the time of trial. They also complain that plaintiffs' medical expert did not consider these Portsmouth records before giving his opinion and that if he had, his opinion might well have been different. In other words, defendants contend that their

---

1. Robert Conrad was awarded $910.85 in consequential damages, and the United States, which intervened as a plaintiff, was awarded $3,912.50 for medical treatment rendered to Mrs. Conrad and Lester Bonnette. On appeal, these two amounts are not challenged as excessive.

2. For example, the record does not indicate that Mrs. Conrad made any complaint about her neck, yet at trial she testified she had pain, "awful headaches," and had to wear a Thomas collar six to eight hours a day.

rights were substantially prejudiced by plaintiffs' failure to produce these records at trial.

In reply, plaintiffs assert that defendants in fact had the entire Portsmouth Hospital record at the time of trial as evidenced by certain questions asked in cross-examination. In none of the opportunities given to the plaintiffs to document their contention were they able to do so.[3] It would serve no useful purpose to recite all the references in the record upon which plaintiffs rely. Two typical examples will suffice.

■ First, plaintiffs' counsel refers to defendants' cross-examination of Dr. Clancy. The questioning involved a document dated April 26, 1965, entitled "Radiation Therapy Summary" and numbered p. 726 of the record appendix. There can be no doubt that this summary was part of the Portsmouth Hospital records. Plaintiffs claim that this proves that the disputed records were in defendants' possession at the time of trial. But reference to defendants' chart showing which pages of the Portsmount Hospital records were not produced does not include p. 726. Second, during the cross-examination of Mrs. Conrad, defendants' counsel asked questions based on a "record" dated March 21, 1968, in evidence as a plaintiffs' exhibit. This was a "To whom it may concern" letter over the signature of the Executive Secretary of the Tumor Board at the Portsmouth Naval Hospital stating that Mrs. Conrad was last examined there on January 8, 1968. From this plaintiffs conclude that the defendants must have had the Portsmouth Naval Hospital records up to that date. But here again defendants do not claim that this was part of the missing records. Moreover, it does not appear to be a record at all in the sense that this term has been used during the trial. Obviously it was a solicited letter stating that as of January 8, 1968, there was no evidence of recurrence of the cancer of the neck. From our examination of these and other record references submitted to us by plaintiffs, we cannot say that they substantiated their position that they had made available all the Portsmouth Hospital records relating to Elizabeth Conrad at the time of trial.

■ Alternatively, plaintiffs argue that the full records were never made available to them, thus attempting to shift the blame for the missing records to the Navy. But defendants point to a letter set forth below in the margin [4]

---

3. During oral argument plaintiffs had at least two opportunities to substantiate their contention. This appeal was heard originally at our March 1969 sitting. When it became apparent that plaintiffs' counsel was not prepared to document his contention from the record, we continued the case to our April sitting to afford him further opportunity to do so. Also, because of the seriousness of the defendants' charges, we permitted plaintiffs to file a reply brief and supplemental record appendix.

4. Mr. Dean S. Derby, Jr.
   Claims Representative
   Norfolk Service Office
   P. O. Box 12298
   Norfolk, Virginia 23502
   　　　　　　　　　　"3 May 1968
   　　　　Re: Elizabeth Conrad
   Dear Mr. Derby:
   Additional medical records in the case of Elizabeth Conrad are available at this facility.

Our records reveal that no request has been received for these records in the past three weeks. On 18 April 1966 a true and exact copy of the medical records of Elizabeth Conrad were furnished to Triant and Kirk, 201 Old South Building, 294 Washington Street, Boston, Mass. 02108.
　　　　Very truly yours,
　　　　J. E. Kemp
　　　　Lieutenant Commander
　　　　Medical Service Corps
　　　　U. S. Navy
　　　　Chief, Patient Affairs
　　　　　Division
　　　　By Direction of the Commanding Officer"

which would tend to refute this. We think plaintiffs have the burden of showing that this letter means something other than its plain language indicates. They have not done so.

Plaintiffs also argue that even if the defendants' allegations are taken as true, the hospital records in question do not fit within the principles of Johnson v. United States, 32 F.2d 127, 130 (8th Cir. 1929), as to newly discovered evidence.[5] They specifically emphasize that the defendants were not diligent in procuring this evidence. This argument does not impress us. The motions to procure the hospital records were made and granted well in advance of trial. Moreover, defendants were not in a position to obtain these out of state documents on their own.[6] Nor are we persuaded by the argument that some of the pages of the Portsmouth record were merely cumulative. A more perceptive analysis of the records in question reveals that they in fact contained significant new material.

As we held in Hobart v. O'Brien, 243 F.2d 735, 741 (1st Cir.), cert. denied, 355 U.S. 830, 78 S.Ct. 42, 2 L.Ed.2d 42 (1957), "[a] motion for new trial is addressed to the sound judicial discretion of the trial court and the action taken thereon is not open to review on appeal unless it appears that there was an abuse of such discretion." See also 6A J. Moore's Federal Practice ¶ 59.08[3] (2nd ed. 1966). Here the plaintiffs failed to comply with the orders of the court although they had ample time to do so. As the result of this failure we have little doubt that the defendants were substantially prejudiced in their efforts to deal with the issue of damages insofar as Elizabeth Conrad was concerned. For that reason we think that as to her the interests of justice would best be served by ordering a new trial on the question of damages.

Defendants also make several allegations of error regarding the instructions given to the jury but only one merits discussion, namely, that the trial court erred in its instruction that there was no issue as to contributory negligence on the part of Mrs. Conrad. Defendants argue that since the jury might have found her husband negligent in not foreseeing the danger of stopping to pick up Bonnette, it might also have found that his passenger had failed in her duty to warn him. See Lambert v. Eastern Mass. St. Ry. Co., 240 Mass. 495, 499, 134 N.E. 340, 341–342, 22 A.L.R. 1291 (1922). Whatever may have been the force of this logic prior to submission of the case to the jury has disappeared with the jury's implicit exoneration of Conrad. As for defendants' further argument that the jury could have found that Mrs. Conrad's actions in opening the door and pulling her seat forward contributed to her injuries, we need say only that such a possible finding was not covered by any requested instruction. We say this, however, without implying that a more specific instruction should have been granted if requested.

The judgment of the district court in the case of Elizabeth Conrad, as amended, is affirmed as to liability but vacat-

5. In *Johnson* the court stated that the following verities must be present and concur in order to obtain a new trial on the ground of newly discovered evidence: "(a) The evidence must be in fact, newly discovered, i. e., discovered since the trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on, must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal."
Although *Johnson* is a criminal case, we note that the rule is the same in civil cases. Kansas City Southern Ry. Co. v. Cagle, 229 F.2d 12, 15 (10th Cir.), cert. denied, 351 U.S. 908, 76 S.Ct. 697, 100 L.Ed. 1443 (1956).

6. During the trial itself plaintiffs' counsel assured them that he was doing everything in his power to obtain the records.

ed as to damages and the case is remanded for a new trial on the issue of damages only; the judgment is otherwise affirmed. The defendants-appellants recover costs on appeal.