

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Javier Cruz Fonseca; Félix Colón Rivera; Jaime A. Guzmán Ríos; Ángel Maldonado Hernández; Víctor G. Fuentes Fragosa; Manuel I. Sánchez Cabezudo; Miguel Rivera Tristani; Juan R. Jacob Greenaway; José F. Ramos Rivera; Ángel Y. Torres Maldonado Carlos A. Correa Fuentes; Omar Muñiz Vega; Rafael A. Huertas Torres<br><br>      Peticionarios<br><br>v.<br><br>Universidad Interamericana de Puerto Rico, et al.<br><br>      Recurridos | Certiorari<br><br>2011 TSPR 55<br><br>181 DPR \_\_\_\_ |

Número del Caso: CC - 2010 - 690

Fecha: 7 de abril de 2011

Tribunal de Apelaciones:

     Región Judicial de Bayamón Panel VIII

Juez Ponente:

     Hon. Roberto Feliberti Cintrón

Abogados de la Parte Peticionaria:

     Lcdo. Edelmiro Salas González
     Lcdo. Anthony L. Bini Del Valle
     Lcdo. Leonides Díaz Urbina
     Lcdo. Javier Quiñones Rosado

Abogados de la Parte Recurrida:

     Lcdo. Luis Sánchez Betances
     Lcda. Maileidy A. Gómez Germán
     Lcdo. Amancio Arias Guardiola

Materia: Daños y Perjuicios por incumplimiento de Contrato

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Javier Cruz Fonseca; Félix Colón
Rivera; Jaime A. Guzmán Ríos;
Ángel Maldonado Hernández;
Víctor G. Fuentes Fragosa;                    Certiorari
Manuel I. Sánchez Cabezudo;
Miguel Rivera Tristani; Juan R.
Jacob Greenaway; José F. Ramos
Rivera; Ángel Y. Torres
Maldonado; Carlos A. Correa          CC-2010-0690
Fuentes; Omar Muñiz Vega; Rafael
A. Huertas Torres
             Peticionarios
                  v.

Universidad Interamericana
de Puerto Rico, et al.
             Recurridos


Opinión del Tribunal emitida por el Juez Asociado Señor Rivera García


En San Juan, Puerto Rico, a 7 de abril de 2011.

El presente recurso de *certiorari* nos brinda la oportunidad de interpretar el mecanismo de nuevo juicio en el ámbito procesal civil. En particular, debemos atender si una moción de nuevo juicio presentada al amparo de la Regla 48 de Procedimiento Civil, *infra*, y sustentada en el descubrimiento de nueva evidencia, puede ser enmendada o suplementada mediante la presentación de documentos y declaraciones juradas adicionales a aquellas sometidas en la solicitud original.[1]

---

[1] Los hechos procesales que originaron el recurso de epígrafe tuvieron lugar durante la vigencia de las Reglas de Procedimiento Civil de 1979, 32 L.P.R.A. Ap. II, por lo que haremos referencia a dicho cuerpo de reglas para disponer de la controversia que nos ocupa. No obstante, la Regla 48 de Procedimiento Civil de 1979, *supra*, no fue objeto de cambios significativos en las Reglas de Procedimiento Civil de 2009, 32 L.P.R.A. Ap. V. Consecuentemente, la doctrina que pautamos a través de esta Opinión es vinculante a la interpretación y aplicación de la Regla 48 de Procedimiento Civil de 2009, *supra*.

I

Allá para septiembre de 2004, los peticionarios, trece estudiantes y egresados de la Universidad Interamericana de Puerto Rico (UIPR), presentaron una demanda por incumplimiento de contrato, y daños y perjuicios en contra de la institución educativa.[2] Alegaron que entre 1996 al 2001 la UIPR ofreció un Bachillerato en Ciencias de Aviación con concentración en Sistemas Electrónicos de Aviación. La información provista por la universidad respecto al ofrecimiento académico señalaba que el programa estaba aprobado por la Administración Federal de Aviación (FAA, por sus siglas en inglés). No obstante, los peticionarios argumentaron que los egresados del programa se habían visto impedidos de obtener empleo –en parte- debido a que la UIPR no contaba con el aval de la FAA.

El 7 de diciembre de 2007, luego de celebrado el juicio, el Tribunal de Primera Instancia dictó Sentencia.[3] Entre las determinaciones de hechos consignadas en el dictamen se incluyó una estipulación de las partes a los efectos de que "el Bachillerato en Ciencias de Aviación con concentración en Sistemas Electrónicos de Aviación no est[aba] aprobada [sic.] por la FAA, distinto a lo que se

---

[2] En la demanda también se incluyeron como partes demandadas a las compañías aseguradoras X, Y, Z, ABC y Fulana de Tal. Dichas partes nunca fueron emplazadas. Véase, Sentencia Enmendada de 26 de febrero de 2008, Apéndice del recurso, págs. 55-164, 55.

[3] El 26 de febrero de 2008 el Tribunal de Primera Instancia emitió una Sentencia Enmendada a los únicos fines de modificar las determinaciones de hechos. Las conclusiones de derecho y el remedio concedido no sufrieron alteraciones sustanciales.

expresa[ba] en los catálogos de la U.I.P.R.".[4] En atención a este dato y a los demás hechos probados, el foro primario resolvió que la UIPR incurrió en dolo contractual mediante el empleo de falsas representaciones y engaños. Razonó que esta conducta indujo a los peticionarios a matricularse en la concentración de Sistemas Electrónicos de Aviación bajo la creencia de que lograrían obtener un empleo luego de culminar sus estudios.

Asimismo, el foro primario concluyó que medió dolo en la consumación del contrato por parte de la UIPR debido a que los cursos ofrecidos no cumplieron su promesa de preparar a los estudiantes para las funciones que debían desempeñar como técnicos o especialistas en sistemas electrónicos de aviación. Ello debido a la abundancia de materias teóricas y a la falta de cursos prácticos que les permitieran a los estudiantes aplicar los conocimientos adquiridos. En consecuencia, condenó a la UIPR a pagar una suma en exceso de $500,000 por concepto de daños y perjuicios, así como las costas del litigio y $10,000 por concepto de honorarios de abogado.

Luego de interrumpido el término para apelar,[5] el 22 de febrero de 2008 la UIPR presentó una moción en

---

[4] Sentencia de 7 de diciembre de 2007, Hechos estipulados por las partes, Inciso núm. 13. Esta determinación de hecho se sostuvo en la Sentencia Enmendada. Véase, Sentencia Enmendada de 26 de febrero de 2008, Apéndice del recurso, págs. 55-164, 59.

[5] El 21 de diciembre de 2007 la UIPR presentó una *Moción solicitando se enmienden las determinaciones de hechos y en solicitud de determinaciones de hechos adicionales*, la cual tuvo el efecto de interrumpir el término para apelar el dictamen. En respuesta a este petitorio, el 26 de febrero de 2008 el Tribunal de Primera Instancia emitió una Sentencia Enmendada.

solicitud de nuevo juicio al amparo de la Regla 48.2 de Procedimiento Civil de 1979 -32 L.P.R.A. Ap. II- o, en la alternativa, en solicitud de relevo de sentencia. Dicho petitorio lo fundamentó en el descubrimiento de nueva evidencia que, alegadamente, no estuvo disponible al momento del juicio. En conjunto con la moción de nuevo juicio la UIPR acompañó copia de la evidencia supuestamente encontrada luego de haberse dictado la Sentencia, así como de dos declaraciones juradas en donde se certificaba que los documentos no pudieron ser descubiertos previamente a pesar de las diligencias realizadas. Las referidas declaraciones fueron suscritas por Juan F. Martínez, Rector del Recinto de Bayamón de la UIPR, y por Mario Signoret, Decano de la Escuela de Aeronáutica de la UIPR.[6]

La prueba encontrada y sometida junto con la moción consistió en cierta correspondencia intercambiada entre la UIPR y la FAA de la cual se desprendía que el Programa de Sistemas Electrónicos de Aviación estuvo certificado por dicha agencia federal durante el período relevante al caso. La UIPR también señaló que los documentos hallados apuntaban a que la FAA les ofreció empleo a los estudiantes egresados del mencionado programa académico

---

[6] Véase, *Moción en solicitud de nuevo juicio conforme a la Regla 48.2 de las de Procedimiento Civil por descubrimiento de nueva evidencia o, en la alternativa, en solicitud de relevo de sentencia conforme la Regla 49.2 de las de Procedimiento Civil por el mismo fundamento*, Apéndice del recurso, págs. 165-200, 176-177 y 199-200.

dentro del periodo comprendido en la reclamación de los peticionarios.[7]

Tras varios trámites procesales, la vista evidenciaria para atender la solicitud de nuevo juicio quedó señalada para el 17 de marzo de 2010.[8] Nueve días antes de la vista, el 8 de marzo de 2010, la UIPR presentó una moción intitulada *Moción suplementando moción solicitando nuevo juicio*. Arguyó que durante la preparación para la mencionada audiencia revisó con detenimiento las cajas en donde descubrieron las misivas sometidas en la moción de nuevo juicio. Allí encontró documentos adicionales materiales y relevantes a la controversia adjudicada en la Sentencia, los cuales adjuntó al petitorio. Además, incluyó una declaración jurada del testigo pericial de la UIPR, Dr. Luis Morales Sánchez, en la que acreditó que, de haber tenido acceso a la información sometida en la moción suplementaria, su informe y testimonio en el juicio hubiesen sido materialmente diferentes.[9]

Los peticionarios, por su parte, se opusieron a la mencionada moción suplementaria bajo el fundamento de que

---

[7] Íd., a las págs. 165-166.

[8] El primer señalamiento de vista para el 20 de mayo de 2008 fue suspendido dada la interposición de un recurso de apelación ante el Tribunal de Apelaciones por parte de la Universidad Interamericana de Puerto Rico (UIPR). El foro apelativo intermedio desestimó el recurso en cuestión por prematuro; ello ante la pendencia de la moción de nuevo juicio ante el Tribunal de Primera Instancia. Así pues, el foro primario señaló la vista evidenciaria para el 4 de noviembre de 2009. Esta fue suspendida posteriormente por acuerdo de las partes dado que el abogado de la UIPR tenía un señalamiento previo para el mismo día.

[9] *Moción suplementando moción solicitando nuevo juicio*, 8 de marzo de 2010, Apéndice del recurso, págs. 254-262, 254-255.

ésta constituía una enmienda a la solicitud original de nuevo juicio. Argumentaron que la jurisprudencia federal ha reconocido la discreción del tribunal para autorizar una enmienda a una moción de nuevo juicio, siempre y cuando se presente oportunamente, se le dé aviso a la parte contraria con tiempo y se demuestre justa causa. Estos tres elementos, a juicio de los peticionarios, no concurren en este caso. A esos efectos, particularizaron que la tardanza en someter la nueva prueba y la cercanía de la vista señalada –menos de 10 días- los imposibilitaba a conseguir testigos y presentar declaraciones juradas en oposición a la moción suplementaria.

Asimismo, los peticionarios plantearon que la UIPR no demostró justa causa para la dilación en presentar la nueva evidencia que fue descubierta en el mismo lugar en donde encontraron la documentación sometida dos años antes mediante la moción original de nuevo juicio. Consecuentemente, le solicitaron al foro primario que no considerara la moción suplementaria por haber sido presentada tardíamente.[10]

El 12 de marzo de 2010 el Tribunal de Primera Instancia denegó la moción suplementaria a la solicitud de nuevo juicio. La UIPR recurrió de dicha orden ante el Tribunal de Apelaciones. Mediante Sentencia emitida el 2 de junio de 2010, el foro apelativo intermedio revocó la

---

[10] *Moción en oposición a que se considere "Moción suplementando moción solicitando nuevo juicio"*, Apéndice del recurso, págs. 738-741.

referida determinación. Razonó que la moción suplementaria no afectaba los procedimientos posteriores a la sentencia. Esto debido a que el petitorio se presentó antes que expirara el término para apelar el dictamen – conforme a lo dispuesto en la Regla 48 de Procedimiento Civil de 1979, *supra*- y previo a que se celebrara la vista para dilucidar la moción original de nuevo juicio.

Los peticionarios, inconformes con el dictamen del tribunal apelativo, presentan ante este Foro el recurso de *certiorari* de epígrafe en donde plantean los siguientes errores:

> **Erró el Tribunal de Apelaciones al intervenir con una determinación interlocutoria procesal del Tribunal de Primera Instancia sin que hubiera existido un abuso de discreción de ese Tribunal de Primera Instancia.**

> **Erró el Tribunal de Apelaciones al no darle deferencia a una orden del Tribunal de Primera Instancia que rechazó la presentación de nuevas declaraciones juradas que no se presentaron simultáneamente con la moción de juicio nuevo, según requiere la Regla 48 de Procedimiento Civil, sino que presentaron esas declaraciones juradas años más tarde, sin presentarse prórroga ni ofrecerse justa causa para la no radicación simultánea de las declaraciones juradas, y sobre todo, sin que el TPI hubiera abusado de su discreción al no permitir esa radicación tardía.**

Junto con el recurso, los peticionarios presentaron una moción en auxilio de jurisdicción mediante la cual solicitaron que paralizáramos las vistas para dilucidar la moción de nuevo juicio y su respectiva enmienda. El 18 de noviembre de 2010 emitimos una Resolución en la cual ordenamos la paralización de las vistas señaladas para los días 22, 23 y 24 de noviembre, y 6 de diciembre de 2010.

Asimismo, le concedimos término a la UIPR para que mostrara causa por la cual no debíamos expedir el auto solicitado y revocar la Sentencia recurrida. La UIPR, por su parte, presentó su alegato en cumplimiento con nuestra orden.

Así las cosas, contando con el beneficio de los alegatos de ambas partes, procedemos a resolver.

II

Las Reglas de Procedimiento Civil proveen para la celebración de un nuevo juicio cuando, entre otras razones, se obtiene evidencia esencial que no pudo descubrirse ni presentarse durante el juicio, a pesar de emplear una diligencia razonable para encontrarla. Regla 48.1 de Procedimiento Civil de 1979, 32 L.P.R.A Ap. II, R. 48.1. El término establecido para presentar una moción de nuevo juicio fundamentada en el descubrimiento de nueva evidencia es equivalente al periodo disponible para apelar o recurrir de la sentencia. A esos efectos, la Regla 48.2 dispone, en lo pertinente, que

> Una moción de nuevo juicio deberá ser presentada dentro de los diez (10) días de haberse archivado en los autos copia de la notificación de la sentencia, excepto que:
>
> (a) Cuando esté basada en el descubrimiento de nueva evidencia, podrá ser radicada antes de la expiración del término para apelar o recurrir de la sentencia, previa notificación a la otra parte, la celebración de vista y la demostración de haberse ejercitado la debida diligencia.[11] 32 L.P.R.A. Ap. II, R. 48.2.

---

[11] El texto de la Regla 48.2 de Procedimiento Civil de 1979, *supra*, es similar a aquel incluido en la nueva Regla 48.2 de Procedimiento Civil de 2009, *supra*. El único cambio es el aumento del término para

Los términos dispuestos en la Regla 48.2 de Procedimiento Civil de 1979, *supra*, son improrrogables. Así, la presentación de una moción de nuevo juicio luego de expirado el plazo establecido en la mencionada regla priva de jurisdicción al tribunal sentenciador para entrar a considerarla en sus méritos. R. Hernández Colón, Práctica jurídica de Puerto Rico: Derecho procesal civil, 4ta ed., San Juan, Ed. LexisNexis, 2007, sec. 4703, pág. 348. No obstante, la presentación oportuna de una moción de nuevo juicio tiene el efecto de interrumpir el término para apelar una sentencia. Regla 53.1(g)(3) de Procedimiento Civil de 1979, 32 L.P.R.A. Ap. II, R. 53.1(g)(3).[12]

En lo concerniente a la controversia que nos ocupa, la Regla 48 de Procedimiento Civil de 1979, *supra*, guarda silencio en cuanto a la posibilidad de enmendar o suplementar una moción de nuevo juicio.[13] Igualmente, al examinar la jurisprudencia interpretativa de la citada regla advertimos que este Tribunal no se ha expresado sobre este asunto.

En la jurisdicción federal, sin embargo, la posibilidad de enmendar o suplementar las mociones de

---

presentar la moción de nuevo juicio, el cual se modificó de 10 días a 15 días. Véase, Informe de Reglas de Procedimiento Civil, marzo de 2008, Tribunal Supremo de Puerto Rico, Secretariado de la Conferencia Judicial y Notarial. Consecuentemente, la norma pautada en la presente Opinión es igualmente aplicable a la interpretación de la Regla 48.2 de Procedimiento Civil de 2009, *supra*.

[12] Corresponde a la Regla 52.2(e)(3) de Procedimiento Civil de 2009, 32 L.P.R.A. Ap. V, R. 52.2(e)(3).

[13] La Regla 48 de Procedimiento Civil de 2009, *supra*, tampoco regula la enmienda o solicitud para suplementar una moción de nuevo juicio.

nuevo juicio presentadas conforme a la Regla 59 de
Procedimiento Civil Federal -28 U.S.C.A. R. 59-, ha sido
discutida ampliamente.  Nuestra Regla 48 de Procedimiento
Civil, *supra*, procede, en su mayoría, de la referida Regla
59 de Procedimiento Civil Federal, *supra*.  En ese sentido,
la exégesis conferida en el ámbito federal al mecanismo de
nuevo juicio es persuasiva para este Tribunal en la medida
que no sea contraria al texto de nuestra regla o al marco
interpretativo de nuestras normas procesales civiles.

La enmienda a una oportuna moción de nuevo juicio es
generalmente aceptada por los tribunales federales cuando
tal solicitud se lleva a cabo dentro del término concedido
por la Regla 59 de Procedimiento Civil Federal, *supra*,
para presentar la solicitud original.[14] J. Moore, Moore's

---

[14] La Regla 59 de Procedimiento Civil Federal dispone, en lo
pertinente:

"(a) In General:
(1) *Grounds for New Trial*. The court may, on motion,
grant a new trial on all or some of the issues --and to any
party-- as follows:
(A) after a jury trial, for any reason for which a new
trial has heretofore been granted in an action at law in
federal court; or
(B) after a nonjury trial, for any reason for which a
rehearing has heretofore been granted in a suit in equity
in federal court.
(2) [……]

(b) Time to File a Motion for a New Trial.  A motion for a
new trial must be filed no later than 28 days after the
entry of judgment.

(c) Time to Serve Affidavits.  When a motion for a new
trial is based on affidavits, they must be filed with the
motion.  The opposing party has 14 days after being served
to file opposing affidavits.  The court may permit reply
affidavits.

(d) New Trial on the Court's Initiative or for Reasons Not
in the Motion.  No later than 28 days after the entry of
judgment, the court, on its own, may order a new trial for
any reason that would justify granting one on a party's
motion.  After giving the parties notice and an opportunity
to be heard, the court may grant a timely motion for a new

Federal Practice, 3rd ed., Ed. Mathew Bender, sec. 59.16[1], pág. 59-100. No obstante, los tribunales apelativos federales se encuentran divididos en cuanto a la autorización o no de una enmienda a una oportuna moción de nuevo juicio cuando la primera haya sido presentada luego de expirado el término en cuestión. Íd. Ello a pesar que no existe ninguna ley o regla que prohíba la enmienda a la solicitud de nuevo juicio.

La jurisprudencia refleja que algunos foros federales han interpretado restrictivamente la regla. Así, varios circuitos apelativos federales han resuelto que los tribunales de distrito están impedidos de considerar asuntos traídos ante su atención mediante una enmienda o modificación presentada luego de transcurrido el periodo de 28 días concedido por la Regla 59 de Procedimiento Civil Federal, *supra*, para someter la moción de nuevo juicio original. Arkwright Mut. Ins. Co. v. Philadelphia Elec. Co., 427 F.2d 1273 (3d Cir. 1970); Conrad v. Graf. Bros., Inc., 412 F.2d 135 (1st Cir. 1964). Véase, también, Putman Resources v. Pateman, 757 F. Supp. 157 (D.R.I. 1991).

Mientras tanto, existen otros tribunales de circuito de apelaciones federales que le han reconocido al foro sentenciador discreción para aceptar una enmienda a la moción de nuevo juicio sometida luego del término

---

trial for a reason not stated in the motion. In either event, the court must specify the reasons in its order". 28 U.S.C.A. R. 59.

reglamentario para la solicitud inicial. Véanse: Abbott v.
Equity Group, 2 F.3d 613 (5th Cir. 1993); Davis v. Jellico
Community Hosp., Inc., 912 F.2d 129 (6th Cir. 1990); Pate
v. Seaboard R.R., Inc., 819 F.2d 1074 (11th Cir. 1987).[15]
El motivo principal esgrimido por los tribunales para este
acercamiento liberal es el efecto que tiene la oportuna
presentación de la moción de nuevo juicio sobre el plazo
para apelar.  Sabido es que la presentación en tiempo de
una moción de nuevo juicio suspende la finalidad de la
sentencia emitida e interrumpe el término para apelar el
dictamen.  Ante tales circunstancias, la justificación
para denegar de plano una enmienda a la referida solicitud
puede ceder ante el mejor interés de la justicia. Pate v.
Seaboard R.R., Inc., supra; Pruett v. Marshall, 283 F.2d
436 (5th Cir. 1960). Véase, además, Moore, *op. cit.*, sec.
59.16[2], pág. 59-100.

    Esta teoría liberal cobra mayor relevancia en nuestra
jurisdicción dado que el término concedido por la Regla 48
de Procedimiento Civil de 1979, *supra*, para someter la
moción de nuevo juicio basada en el descubrimiento de
nueva evidencia no es un término fijo, sino que está atado
al plazo disponible para apelar la sentencia.  El efecto
interruptor que tienen varios mecanismos posteriores a la
sentencia sobre el referido periodo para apelar un
dictamen -Regla 53.1(g) de Procedimiento Civil de 1979,

---

[15] Véanse, también: Dotson v. Clark Equipment Co., 805 F.2d 1225 (5th Cir. 1986); Pogue v. International Industries, Inc., 524 F.2d 342 (6th Cir. 1975); Pruett v. Marshall, 283 F.2d 436 (5th Cir. 1960).

*supra-* implica que, una vez éste quede suspendido, la moción de nuevo juicio se considerará en tiempo hasta luego de 30 días de adjudicado el remedio post-sentencia que interrumpió el término apelativo. En ese sentido, resultaría contradictorio rechazar de plano una enmienda a una oportuna moción de nuevo juicio, cuando -técnicamente- esa modificación se considera dentro del término concedido por la Regla 48 de Procedimiento Civil, *supra*, para presentar la petición original. Esto debido a que el plazo para apelar no ha finalizado.

En resumidas cuentas, la suspensión del término para recurrir de una sentencia, aun cuando surja con motivo de la interposición de una moción de nuevo juicio, significa que la solicitud para enmendar o suplementar el petitorio fundamentado en el descubrimiento de nueva evidencia se considerará presentada en tiempo, en tanto y en cuanto el foro sentenciador no haya adjudicado la solicitud inicial sometida. Este análisis es cónsono con la posición adoptada por los tribunales apelativos federales en cuanto a la autorización de las enmiendas sometidas dentro del término dispuesto para la presentación de la solicitud original.

Ahora bien, el mero hecho que una parte solicite enmendar o suplementar una moción de nuevo juicio dentro del término dispuesto para la interposición de la petición original no presupone automáticamente que el foro sentenciador tiene que aceptarla y resolverla en sus

méritos. Si bien la doctrina vigente favorece la interpretación liberal de las normas procesales civiles, el alcance de esa liberalidad no es infinito. Un ejemplo de esta filosofía la encontramos en la regulación de las enmiendas a las alegaciones. Veamos.

La Regla 13.1 de Procedimiento Civil de 1979, 32 L.P.R.A. Ap. II, R. 13.1, dispone que una parte podrá enmendar sus alegaciones en cualquier momento antes que se le notifique la alegación responsiva correspondiente. Cuando la alegación no admite una respuesta, podrá presentar la enmienda dentro de los 20 días de haber notificado su alegación cuando el caso no haya sido señalado para juicio.[16] En estos casos la enmienda procede sin autorización judicial.

Ahora bien, una vez se presenta la alegación responsiva o transcurren los 20 días de sometida la alegación original, las enmiendas a las alegaciones podrán llevarse a cabo únicamente con el permiso del tribunal o mediante el consentimiento de la parte contraria. Ciertamente la Regla 13.1 de Procedimiento Civil, *supra*, favorece la concesión de la enmienda a las alegaciones; sin embargo, la procedencia de la enmienda queda -en última instancia- a la sana discreción del tribunal. S.L.G. Sierra v. Rodríguez, 163 D.P.R. 739, 747 (2005).

---

[16] Esta regla corresponde a la Regla 13.1 de Procedimiento Civil de 2009, *supra*, cuyo texto tampoco varió sustancialmente en comparación con la regla de 1979.

Entendemos que la doctrina aplicable a las enmiendas a las alegaciones debe ser adoptada por analogía a las enmiendas a una moción de nuevo juicio. Igual que ocurre con las alegaciones aludidas en la citada Regla 13.1, la moción de nuevo juicio persigue la concesión de un remedio, a saber, que se celebre un juicio *de novo*. Además, la solicitud de nuevo juicio admite una moción en oposición, por lo que la distinción que hace la Regla 13.1 en cuanto a las enmiendas sometidas antes de la notificación de una alegación responsiva o después de ella resulta pertinente en la regulación de las enmiendas a la referida moción.

III

Conforme a la doctrina jurídica antes expuesta, resolvemos que la enmienda o solicitud para suplementar una moción de nuevo juicio fundamentada en el descubrimiento de nueva evidencia procede en cualquier momento antes que la parte contraria notifique su oposición al petitorio. **Una vez sea notificada la oposición al petitorio, la moción para enmendar o suplementar la solicitud de nuevo juicio podrá ser autorizada por el tribunal en el ejercicio de su sana discreción.**[17]

La discreción conferida al foro sentenciador para disponer de una solicitud de enmienda a la moción de nuevo

---

[17] Véanse: <u>Pate v. Seaboard R.R., Inc.</u>, 819 F.2d 1074 (11th Cir. 1987); <u>Luengo v. Fernández</u>, 83 D.P.R. 636 (1961); J. Cuevas Segarra, <u>Tratado de Derecho Procesal Civil</u>, San Juan, Publicaciones JTS, 2000, Tomo II, pág. 779.

juicio no puede ser ejercitada en el vacío. Por tal motivo, disponemos que el tribunal, al enfrentarse a una petición a esos fines, deberá ponderar las siguientes circunstancias: (1) el momento en que se solicita la enmienda; (2) el impacto de la solicitud en la pronta adjudicación de la cuestión litigiosa; (3) la razón o ausencia de ella para la demora e inacción original del promovente de la enmienda; (4) el perjuicio que la misma causaría a la otra parte; y (5) la naturaleza y méritos intrínsecos de la defensa que se plantea. Consejo Cond. Plaza del Mar v. Jetter, 169 D.P.R. 643, 666 (2006); S.L.G. Sierra v. Rodríguez, supra, pág. 748; Epifanio Vidal, Inc. v. Suro, 103 D.P.R. 793, 796 (1975).[18]

Los mencionados factores deberán examinarse en conjunto, toda vez que no operan de forma aislada. En específico, un factor determinante que deberá ser examinado cuidadosamente por el tribunal al momento de resolver la solicitud de enmienda a la moción de nuevo juicio es el perjuicio indebido que podría ocasionarle a la parte contraria dicha autorización. Véase, Consejo Cond. Plaza del Mar v. Jetter, supra. Este elemento, así como la presentación del petitorio en un momento irrazonablemente tardío, de ordinario conllevan la denegación de la enmienda solicitada. Íd.

---

[18] Como referencia en la jurisdicción federal véase: Dotson v. Clark Equipment Co., supra, citando a Pruett v. Marshall, supra (This Circuit has adopted a more liberal rule. Here a trial court may in the exercise of its sound discretion allow a tardy amendment stating an additional ground for a new trial. The trial court is not, however, required to do so. Factors relevant to the court's decision include the length of the delay and the reasons given).

En aquellos casos en donde la autorización o denegatoria de una enmienda a la moción de nuevo juicio descanse en la discreción del foro sentenciador, dicha determinación deberá ser sostenida en apelación, a menos que ello sea inconsistente con la justicia sustancial.[19] Así, tal y como ocurre con una denegatoria de la moción de nuevo juicio, para poder sostener con éxito una revisión de una resolución denegatoria de una enmienda a la solicitud de nuevo juicio, es necesario demostrar que el tribunal abusó del ejercicio de su facultad discrecional al denegar dicho petitorio, o que se cometió una injusticia manifiesta al denegar la misma. First Bank of P.R. v. Inmob. Nac., Inc., 144 D.P.R. 901, 912 (1998); Delannoy v. Blondet, 22 D.P.R. 235, 243 (1915); Fajardo et al. v. Tió, 17 D.P.R. 338, 343 (1911); Silva v. Salamanca et al., 14 D.P.R. 543, 547 (1908).

IV

Establecida la normativa aplicable a las enmiendas a la moción de nuevo juicio basada en el descubrimiento de nueva prueba, procedemos a evaluar si en el presente caso el Tribunal de Primera Instancia abusó de su discreción al denegar la petición de los recurridos para suplementar su solicitud de nuevo juicio.

El tracto procesal del caso refleja que el 22 de febrero de 2008 la UIPR presentó oportunamente una moción inicial de nuevo juicio. El fundamento esgrimido para tal

---

[19] Véase, Regla 52.1 de Procedimiento Civil de 2009, 32 L.P.R.A. Ap. V, R. 52.1.

solicitud fue el hallazgo de nueva evidencia pertinente a hechos medulares del caso que no pudo ser descubierta durante el juicio. La evidencia encontrada alegadamente rebatía la determinación de hecho respecto a la falta de acreditación de la FAA del Programa de Sistemas Electrónicos de Aviación ofrecido por la UIPR. Los peticionarios, por su parte, se opusieron al referido petitorio mediante un escrito presentado el 3 de marzo de 2008.

Luego de varios trámites procesales, entre ellos la posposición en dos ocasiones del señalamiento de la vista para atender la moción de nuevo juicio, el 8 de marzo de 2010 la UIPR presentó una solicitud para enmendar o suplementar la petición inicial de nuevo juicio. Toda vez que dicho requerimiento se interpuso después de notificada la oposición a la solicitud original de nuevo juicio, la procedencia de dicha enmienda tenía que ser autorizada por el tribunal de primera instancia.

En el ejercicio de su sana discreción, el foro primario declaró No Ha Lugar la enmienda solicitada por la UIPR. Entendemos que ante las circunstancias particulares de este caso, el tribunal de primera instancia no incidió al denegar dicho petitorio.

Según se desprende del expediente, la petición de enmienda en controversia se presentó el 8 de marzo de 2010; esto es, **apenas nueve días antes de la celebración de la vista para atender la solicitud original de nuevo**

**juicio**, la cual estaba señalada para el 17 de marzo siguiente. La Regla 48.3 de Procedimiento Civil de 1979, *supra*, le confiere un término de 10 días a la parte contraria para someter declaraciones juradas en oposición a la solicitud de nuevo juicio.[20] Aplicado dicho plazo, por analogía, a los casos en donde se presenta una enmienda a la moción de nuevo juicio, los peticionarios de epígrafe no tuvieron disponible el referido periodo de 10 días para oponerse a la solicitud para enmendar o suplementar la petición original mediante la presentación de declaraciones juradas.

Así las cosas, el corto tiempo disponible entre la notificación de la solicitud y la fecha de la vista coartó el derecho de los peticionarios a oponerse a dicho petitorio. Aun cuando la referida Regla 48.3, *supra*, permite prorrogar el término para presentar las declaraciones juradas en oposición a un petitorio, en este caso particular una concesión a esos fines hubiese implicado la suspensión por tercera ocasión de la audiencia para discutir la solicitud inicial de nuevo juicio.

Opinamos que un nuevo señalamiento de la vista evidenciaria es irrazonable e improcedente si consideramos que han transcurrido más de dos años desde la

---

[20] La Regla 48.3 de Procedimiento Civil de 2009, *supra*, aumentó a 15 días el término disponible para oponerse a una solicitud de nuevo juicio. Dicho plazo es igualmente aplicable cuando se presente una solicitud para enmendar o suplementar una moción inicial de nuevo juicio.

interposición de la moción de nuevo juicio sin que el tribunal haya dispuesto de ella.  Una concesión a esos efectos iría en detrimento de la pronta adjudicación de la controversia, lo que -a su vez- socavaría el principio cardinal en la tramitación de los procesos judiciales de lograr una solución justa, rápida y económica de las controversias que se presentan ante el tribunal. <u>Gran Vista I v. Gutiérrez y otros</u>, 170 D.P.R. 174, 180 (2007); <u>Rivera y otros v. Bco. Popular</u>, 152 D.P.R. 140, 153-154 (2000); <u>Audiovisual Lang. v. Sist. Est. Natal Hnos.</u>, 144 D.P.R. 563, 575 (1997).

Incluso, en el balance de intereses entre la pronta adjudicación de la cuestión litigiosa y el deseo que las controversias se ventilen en sus méritos, en el presente caso este último interés cede a favor del primero.  Según mencionamos previamente, la UIPR tardó más de dos años en someter la solicitud de enmienda a la moción de nuevo juicio.  A pesar de esta tardanza, la UIPR no acreditó en su petición justa causa para la demora.  Sus alegaciones se centraron en la forma y gestiones realizadas para encontrar la documentación presentada.  A esos efectos, se limitó a argüir que durante la preparación para la vista a celebrarse el 17 de marzo de 2010 realizó un "esfuerzo adicional para localizar documentos materiales y relevantes a la controversia adjudicada en la Sentencia".[21]

---

[21] *Moción suplementando moción solicitando nuevo juicio*, 8 de marzo de 2010, Apéndice del recurso, págs. 254-262, 255.

Esta aseveración no constituye una razón suficiente para justificar una dilación tan extensa, particularmente cuando la evidencia sometida fue hallada en los predios de la Escuela de Aviación y **en las mismas "cajas de documentos … en las cuales se encontraron las cartas que se sometieron con la moción de nuevo juicio".**[22]

En concreto, un análisis integral de todas las circunstancias antes mencionadas es suficiente para sostener la negativa del foro primario de autorizar a la UIPR a enmendar o suplementar su solicitud de nuevo juicio. Evidentemente la petición se realizó en un momento irrazonablemente tardío. Para esa fecha, 8 de marzo de 2010, habían transcurrido más de dos años de interpuesta la moción original de nuevo juicio, la audiencia para atender el petitorio había sido pospuesta en dos ocasiones y a penas faltaban nueve días para la celebración de la vista evidenciaria correspondiente.

Además, el perjuicio indebido que la autorización de la enmienda podría ocasionarle a los peticionarios en vista de esta demora rebaza lo razonablemente permitido. Primeramente, la capacidad de los peticionarios para recopilar evidencia, particularmente testifical, se puede ver mermada ante el paso de tanto tiempo. Esto los colocaría, en cierta forma, en estado de indefensión para rebatir la solicitud de la UIPR.

---

[22] Íd.

Por otro lado, no podemos perder de perspectiva que la posposición –por tercera ocasión– de la adjudicación de la solicitud de nuevo juicio tiene el efecto ulterior de seguir retrasando la finalidad de una sentencia beneficiosa para los peticionarios. Este perjuicio no debe ceder ante el interés de la UIPR de que la enmienda se atienda en sus méritos. La referida institución educativa aún cuenta con la moción original de nuevo juicio y los documentos que la acompañan para defender su petición.

En conclusión, resolvemos que el Tribunal de Primera Instancia actuó dentro del marco de su discreción al denegar autorizar la enmienda a la moción de nuevo juicio. Si la UIPR pudo producir la evidencia sometida junto con la petición original dentro de los dos meses siguientes a la notificación de la Sentencia, no encontramos razón alguna por la cual dicha parte no hubiese podido realizar un "esfuerzo adicional para localizar [en las mismas cajas en donde encontraron las cartas sometidas en la moción original de nuevo juicio] documentos materiales y relevantes a la controversia adjudicada en la Sentencia" dentro de un plazo prudente y razonable, tal y como alegó en su solicitud de enmienda.

V

Por los fundamentos antes expuestos, expedimos el auto de *certiorari* solicitado y revocamos la Sentencia emitida por el Tribunal de Apelaciones. Devolvemos el

caso al Tribunal de Primera Instancia para la continuación de los procedimientos.

Se dictará sentencia de conformidad.


Edgardo Rivera García
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Javier Cruz Fonseca; Félix Colón Rivera; Jaime A. Guzmán Ríos; Ángel Maldonado Hernández; Víctor G. Fuentes Fragosa; Manuel I. Sánchez Cabezudo; Miguel Rivera Tristani; Juan R. Jacob Greenaway; José F. Ramos Rivera; Ángel Y. Torres Maldonado; Carlos A. Correa Fuentes; Omar Muñiz Vega; Rafael A. Huertas Torres | Certiorari |
| Peticionarios | |
| v. | CC-2010-0690 |
| Universidad Interamericana de Puerto Rico, et al. | |
| Recurridos | |

SENTENCIA

En San Juan, Puerto Rico, a 7 de abril de 2011.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, expedimos el auto de *certiorari* solicitado y revocamos la sentencia emitida por el Tribunal de Apelaciones. Devolvemos los autos al Tribunal de Primera Instancia para la continuación de los procedimientos conforme a lo aquí resuelto.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo